ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEFFREY A. BACKHUS (CABN 200177)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5080
    FAX: (408) 535-5066
    jeffrey.backhus@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 23-00026 BLF |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| LUIS SOSA DIAZ, | |
| Defendant. | |

The government, by and through its counsel of record, herein submits its sentencing recommendation.

**I.   Introduction**

Pursuant the plea agreement, the government recommends a sentence of fifty-four (54) months of imprisonment, followed by three years of probation on the terms recommended in the Presentence Report ("PSR").

**II.   Factual Background**

**March 12, 2022**

On March 12, 2022, at approximately 3:02 a.m., San Jose Police Department officers conducted

a vehicle enforcement stop on a black Dodge Charger for speeding, running a red light, and having tinted windows. During the stop, they encountered three individuals in the vehicle, and an officer observed a firearm in the front right pants pocket of the back seat passenger, who was later identified as Sosa-Diaz. Sosa-Diaz was removed from the vehicle and placed in handcuffs.

Officers recovered the firearm, a .40-caliber Beretta semi-automatic pistol with serial number 44274MC, which was loaded with 8 rounds of .40-caliber ammunition in the magazine and no round in the chamber. A records check revealed that the firearm was reported stolen out of Fremont.

**October 16, 2022**

On October 16, 2022, at approximately 3:15 a.m., a Santa Clara Sheriff's Deputy observed a black pickup truck (later determined to be driven by Sosa-Diaz) traveling at an unsafely slow speed on the on-ramp to Highway 280 South. The deputy observed the vehicle over a period of approximately two miles repeatedly swerving in and out of its lane, suggesting the driver may be driving under the influence.

After the truck exited the freeway, the deputy initiated a traffic stop by turning on his vehicle's forward-facing lights and siren. However, the truck did not stop; it continued for approximately half of a mile, passing multiple areas to pull over safely, and ignoring the deputy's instruction via intercom speaker to pull over. Sosa-Diaz's truck entered a shared driveway at 1250 E. William Court in San Jose and parked next to a (mobile) home. Sosa-Diaz, the sole occupant of the vehicle, exited the vehicle and the deputy told him to stop and come back. Sosa-Diaz did not heed the deputy's command, and instead walked around the outside of the building and said he was going home. As Sosa-Diaz attempted to enter the door, the deputy took him into custody. The deputies conducted a records check and learned that Sosa-Diaz was on probation with search and seizure terms. Prior to conducting any search of Sosa-Diaz's vehicle, another deputy located a Glock-style Privately Made Firearm ("PMF") or "ghost gun" in plain view on the front passenger seat of the truck from his position outside the vehicle in the shared driveway. The PMF was loaded with eight rounds of 9mm Luger ammunition.

**III.   Guideline Calculation**

The government concurs with Probation's calculation of the Guidelines as follows:

| Base Offense Level, U.S.S.G. § 2K2.1(a)(2) | 24 |
|---|---|
| Specific Offense Characteristics U.S.S.G. § 2K2.1(b)(4)(A) (stolen firearm) | +2 |
| Acceptance of Responsibility, § 3E1.1 | -3 |
| Total Offense Level | 23 |
| Criminal History Category (0 points) | V |
| Total Range (in months) | 84-108 months |

Defendant is a Criminal History Category V because of his prior convictions, which include a conviction for attempted murder when Sosa-Diaz was a juvenile and a conviction for inflicting corporal injury on a spouse/cohabitant.  PSR at ¶¶ 30-31.

**IV.     Section 3553(a) Factors and the Appropriate Sentence**

After considering all of the 18 U.S.C. § 3553(a) factors, the government recommends that the Court impose a sentence of fifty-four (54) months of imprisonment, followed by three years of probation on the terms recommended by probation.  This sentence is supported by the § 3553(a) factors; in particular, the history and characteristics of the defendant, promoting respect for the law, the seriousness of the offense, deterring future criminal conduct, and protecting the public.

The government believes that an aggravating factor in this case is defendant's criminal history, which includes conviction for attempted murder when Sosa-Diaz was a juvenile and a conviction for inflicting corporal injury on a spouse/cohabitant.  PSR at ¶¶ 30-31.  In addition, the defendant is an admitted member of the Norteño criminal street gang.

Furthermore, with respect to the instant case, the government believes that individuals in possession of firearms tend to be those who believe that they will be involved in violent confrontations. Accordingly, like defendant in this case, they tend to keep a firearm readily accessible, and are unlikely to discard it unless they have undergone significant lifestyle changes that make them believe that they no longer need it.

In mitigation, Sosa-Diaz began drinking at a young age and was introduced to it by his mother, who Sosa-Diaz describes as an alcoholic.  PSR at ¶ 55.  Sosa-Diaz's stated that his mother saw drinking alcohol with her son as a bonding experience and would often buy alcohol for Sosa-Diaz and his friends.

PSR at ¶¶ 46, 55.  Sosa-Diaz first consumed alcohol at age 12 and continued to drink to excess throughout his childhood.  PSR at ¶ 56.  Sosa-Diaz also grew up in a low-income community with a lot of gang activity.  In middle school, without much supervision from his parents, Sosa-Diaz began associating with gangs and soon began getting in trouble.  PSR at ¶ 45.  Ultimately, Sosa-Diaz was expelled from school.  PSR at ¶ 57.

Finally, Sosa-Diaz has taken advantage of programs while in custody.  Sosa-Diaz has taken courses on anger management, back to society, meditation courses, and how to focus on peace and tranquility.  PSR at ¶ 57.  Sosa-Diaz would like to remove some of his gang tattoos after his release from prison and would like to counsel juveniles, so they do not go down the same destructive path he did.  PSR at ¶¶ 49, 51.

## V.     The Government's Recommended Sentence

A sentence of fifty-four (54) months of imprisonment is appropriate.  It reflects the seriousness of defendant's conduct and his criminal history.  It will also provide, the government hopes, a level of specific deterrence for the defendant, who is now in his 30s.  A special assessment of $100 per count and three years of supervised release should also be imposed. The supervised release should run concurrently for Counts One and Two.

ISMAIL J. RAMSEY  
United States Attorney

Dated: July 17, 2024                            */s/ Jeffrey A. Backhus*  
JEFFREY A. BACKHUS  
Assistant United States Attorney